**FILED**

**JANUARY 23, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**08 C 516**

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND AND WELFARE FUNDS, | ) ) ) ) |
| Plaintiff, | ) ) No. |
| v. | ) ) Judge |
| PORTER CARTAGE, INC. an Illinois corporation not in good standing, and ROB PORTER, Individually | ) **J. N.** ) ) ) |
| Defendants. | ) ) |

**JUDGE BUCKLO**
**MAGISTRATE JUDGE ASHMAN**

**J. N.**

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds"), by their attorneys, John J. Toomey, of Arnold and Kadjan, complain against Defendant, PORTER CARTAGE, INC., an Illinois corporation not in good standing, as follows:

**COUNT I**

**JURISDICTION AND VENUE**

1.     (a)     Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b)     Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Fund as described in Paragraph 2, is administered.

## PARTIES

2.    (a)    Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds") and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

    (b)    The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS have been established pursuant to collective bargaining agreement previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

    (c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

3.    (a)    PORTER CARTAGE, INC., an Illinois corporation not in good standing, employs persons represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

    (b)    PORTER CARTAGE, INC., is an Illinois corporation not in good standing, with its principal place of business at Plainfield, Illinois.

    (c)    PORTER CARTAGE, INC., an Illinois corporation not in good standing, is an employer engaged in an industry affecting commerce.

4.    PORTER CARTAGE, INC., an Illinois corporation not in good standing, entered into an Area Construction Agreement with Teamsters Local 179 which require

contributions to the Funds for periods including November 13, 2006 through August, 2007 pursuant to 29 U.S.C. 1145.

5.    Defendant, ROB PORTER (hereinafter Porter), is the President of Defendant, PORTER CARTAGE, INC.

6.    Pursuant to the collective bargaining agreement between PORTER CARTAGE, INC., an Illinois corporation not in good standing, and the Union, PORTER CARTAGE, INC., has failed and continues to fail to make its obligated contributions to the Fund for the period November, 2006 through August, 2007, as disclosed in an audit which took place on September 5, 2007.

7.    The audit disclosed $2,565.15 due the Pension Fund and $4,544.80 due the Welfare Fund for a total of $7,109.95.

8.    On October 3, 2007 the corporation entered into an installment note (attached as Exhibit B) with the Suburban Teamsters of Northern Illinois Pension Fund for the November, 2006 through August, 2007 contributions in the principal amount of $2,678.28 with a balance remaining of $2,678.28 for the payment of delinquent benefit contributions (Exhibit C).

9.    On October 3, 2007 the corporation entered into an installment note (attached as Exhibit D) with the Suburban Teamsters of Northern Illinois Welfare Fund for the November, 2006 through August, 2007 contributions in the principal amount of $4,745.28 with a principal balance remaining of $4,745.28 for the payment of delinquent benefit contributions (Exhibit E).

10.    The notes acknowledge on their face that they are a written agreement and constitute an instrument in writing upon which contributions are due pursuant to 29 U.S.C. 1145.

WHEREFORE, Plaintiff, prays for judgment against the Defendant, PORTER CARTAGE, INC., an Illinois corporation not in good standing not in good standing, as follows:

A.    The Court enter judgment in favor of the Pension Fund and against PORTER CARTAGE, INC., an Illinois corporation not in good standing not in good standing, in the amount of $2,678.72 the accelerated outstanding balance due on the Pension installment note (Exhibit B and C).

B.    The Court enter judgment in favor of the Welfare Fund and against PORTER CARTAGE, INC., an Illinois corporation not in good standing not in good standing, in the amount of $4,745.28 the accelerated outstanding balance due on the Welfare installment note (Exhibit C and D).

C.    The Court grant the Funds all relief permitted under 29 U.S.C. 1132(g)(2) including liquidated damages, interest and reasonable attorneys fees.

D.    The Court, pursuant to the terms of the notes, grant the Funds the principal amounts of the welfare and pension notes plus interest and all reasonable costs of collection, including reasonable attorneys fees.

E.    The Court grant the Plaintiff Funds injunctive relief to prevent disbursement of assets or payment of other creditors prior to payment of current delinquent and note payments.

## COUNT II

## ROB PORTER

1.    This Count arises from a common nucleus of operative fact with Count II and is pendent thereto.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367

2-10.   Plaintiffs restate and reallege Paragraphs 1-10 of Count I as Paragraphs 2-10 of Count II as if fully set forth herein.

11.    ROB PORTER signed the Welfare and Pension promissory notes individually in his personal capacity, as an additional maker on the notes (Exhibits B and D).  ROB PORTER is an adult, suffers from no mental infirmities and is literate.

12.    The Defendant corporation lacks the present ability to pay its fringe benefit debt and demand has been made for payment.

13.    The remaining balance due the Welfare Fund on the note is $4,745.28,  plus interest and attorneys fees and cost of collection as provided in the terms of the note.

14.    The remaining balance due the Pension Fund on the note is $2,678.72 plus interest and attorneys fees and cost of collection as provided in the terms of the note.

17.    ROB PORTER, Individually as co-maker and guarantor on the notes is personally liable for the debt

WHEREFORE, Plaintiffs pray for judgment against ROB PORTER, Individually as follows:

A.    That the Court enter judgment in favor of the Welfare Fund and against ROB PORTER in the amount of $4,745.28, the accelerated balance on the Welfare note (Exhibit E).

B.     That the Court enter judgment in favor of the Pension Fund and against

ROB PORTER in the amount of $2,678/72, the accelerated balance on the note (Exhibit C).

C.     That the Court pursuant to the terms of the promissory notes grant the

Plaintiff Funds the principal amount of the note plus interest and all reasonable costs of

collection including reasonable attorneys fees.

D.     That the Court grant such other relief as is appropriate under the

circumstances

                                    TRUSTEES OF THE SUBURBAN
                                    TEAMSTERS OF NORTHERN
                                    ILLINOIS WELFARE AND PENSION
                                    FUNDS, Plaintiffs


                        By: _____
                                    One of Its Attorneys

John J. Toomey
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415

# EXHIBIT A

Porter Carton
016366255

# TEAMSTERS LOCAL 179

An Affiliate of the
### INTERNATIONAL BROTHERHOOD OF TEAMSTERS

## OWNER OPERATOR / AREA CONSTRUCTION
## AGREEMENT



## JUNE 1, 2006 THROUGH MAY 31, 2009



Agreement or until the affected provision is restored pursuant to Section 1 above. Should the parties bargain to impasse over the substitute provision, either or both may impose economic sanctions in support of their position and neither the grievance and arbitration provisions of this Agreement nor the no-strike-no-lockout provisions shall be applicable.

## ARTICLE 30
## Duration and Termination

30.1    This Agreement shall become effective on June 1, 2006, and shall remain in force and effect until and including May 31, 2009. After May 31, 2009, this Agreement shall be renewed automatically for periods of one (1) year unless either the Employer or the Union gives written notice to the other of a desire to modify, amend or terminate same at least sixty (60) days prior to the expiration of any such period.

DATE : _11/13/06_

**FOR TEAMSTERS LOCAL 179**

BY : _____

TITLE : _President_

**FOR THE COMPANY**

COMPANY : _Porter Charge_

ADDRESS : _6203 Santabarbara Ct._

_Plainfield_            _IL._        _60544_
City                    State        Zip

PHONE : _815) 439-8393_

BY : _Rob Porter_

TITLE : _Owner_

DATE : _11/13/06_

27

# EXHIBIT B

## SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS FRINGE BENEFITS

### Porter Cartage, Inc. : Pension Fund
October 19, 2007

For value received, the undersigned promises to pay to the order of Suburban Teamsters of Northern Illinois **Pension Fund** the principal total of $2,565.15 ( **Two Thousand Five Hundred Sixty Five and 15/100 dollars.)**

The maker of this Note acknowledges that the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act 29 U.S.C. 1145. For contributions due for the period November, 2006 through August, 2007.

The Employer shall make a **down payment of $ 500.00** on October 19, 2007, leaving a principal **balance of $ 2,065.15.** That balance is to be paid with 10% annual interest in **12** equal and consecutive monthly **installments of $ 181.56** beginning on November 15, 2007. Payments should be sent to:

>Suburban Teamsters of Northern Illinois
>1275 W. Roosevelt Rd. Unit 121
>West Chicago, IL 60185

Or such other place as may be directed by the legal holder of this Note.

**The Employer is to remain current in regular monthly contributions.** Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

The undersigned hereby irrevocably authorizes any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for the unpaid amount, together with costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

By: X _____ Date: 10/3/07
Rob Porter, President
Porter Cartage, Inc.

X _____ Date: 10/3/07
Rob Porter, Individually

# **EXHIBIT C**

## SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS FRINGE BENEFITS

### Porter Cartage, Inc. : Welfare Fund
October 19, 2007

For value received, the undersigned promises to pay to the order of Suburban Teamsters of Northern Illinois Welfare Fund the principal total of $4,544.80 ( **Four Thousand Five Hundred Forty Four and 80/100 dollars.**)

The maker of this Note acknowledges that the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act 29 U.S.C. 1145. For contributions due for the period November, 2006 through August, 2007.

The Employer shall make a **down payment of $ 900.00** on October 19, 2007, leaving a principal balance of $ 3,644.80. That balance is to be paid with 10% annual interest in 12 equal and consecutive monthly **installments of $ 320.44** beginning on November 15, 2007. Payments should be sent to:

> Suburban Teamsters of Northern Illinois
> 1275 W. Roosevelt Rd. Unit 121
> West Chicago, IL 60185

Or such other place as may be directed by the legal holder of this Note.

**The Employer is to remain current in regular monthly contributions.** Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

The undersigned hereby irrevocably authorizes any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for the unpaid amount, together with costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

By: X _____        Date: _10/3/07_
    Rob Porter, President
    Porter Cartage, Inc.

    X _____        Date: _10/3/07_
    Rob Porter, Individually